IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAMAR BATCHLER,  :<br>    Petitioner,  :<br>                            :<br>    v.  :<br>                            :<br>ERIC ARMEL, *et al.*,  :<br>    Respondents.  : | Civil No. 2:22-cv-01295-JMG |

**ORDER**

**AND NOW**, this 27th day of September, 2024, upon consideration of Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 1), Petitioner's Amended Petition for Writ of Habeas Corpus (Doc. No. 11), the Commonwealth's Response (Doc. No. 21), the Amended Report and Recommendations of the U.S. Magistrate Judge Richard A. Lloret (ECF No. 26), Petitioner's Motion for Extension of Time to File Objections to Report & Recommendations (ECF No. 27), and Petitioner's Objections to the Report and Recommendations (ECF No. 28), it is **ORDERED** that:

1. The Amended Report and Recommendation of Magistrate Judge Richard A. Lloret (ECF No. 26) is **APPROVED** and **ADOPTED**;

2. Petitioner's Motion for Extension of Time to File Objections to Report & Recommendations (ECF No. 27) is **DENIED AS MOOT**;

3. Petitioner's Objections to the Report and Recommendations (ECF No. 28) are **OVERRULED**[1];

---

[1] Mr. Batchler filed objections to the Magistrate Judge's Report and Recommendations ("R&R"), and thus this Court is required to undertake a "de novo determination of those portions of the report

. . . ." 28 U.S.C. § 636(b)(1). The Court deems Petitioner's objections meritless, and it will briefly address them in turn:

First, Petitioner objects to the Magistrate's finding that Petitioner's ineffective assistance of counsel claim regarding cross-examination of the Commonwealth's ballistics expert was resolved by the state court. This Court agrees with the Magistrate's finding that Petitioner has failed to meet his burden of showing by "clear and convincing evidence" that the state court's factual findings were incorrect. *See Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001).

Second, Petitioner objects to the Magistrate's finding that Petitioner's ineffective assistance of counsel claim regarding a failure to call character witnesses was resolved by the state court. This Court, again, agrees with the Magistrate. The state-court colloquy clearly indicates that Petitioner (1) conferred with trial counsel regarding the presentation of defense witnesses; (2) declined to have *any* witnesses testify on his behalf; and (3) confirmed that he was happy with his representation *specifically as to that decision*. See *Commw. v. Batchler*, No. 555 EDA 2021, 2021 WL 5191379, at *4-5 (Pa. Sup. Nov. 9, 2021) (citing PCRA Court Opinion, filed 4/20/2021, at 7-8). Given the "doubly deferential" standard of review, *see Harrington v. Richter*, 562 U.S. 86, 105 (2011), the Court agrees with the Magistrate's determination that Petitioner's ineffective assistance of counsel claim fails as to this point. *See Commw. v. Pander*, 100 A.3d 626, 643 (Pa. Super. Ct. 2014) (finding "colloquy conclusively establishes that Appellant agreed with trial counsel's decision not to present additional witnesses"); *see also Frazier v. Sec'y Pa. Dep't of Corr.*, 663 Fed. App'x. 211, 215 (3d Cir. 2016) (affirming district court's denial of habeas where petitioner's "colloquy indicated clearly that he did not wish to call other witnesses").

Third, Petitioner objects to the Magistrate's finding that Petitioner's cumulative error claim is meritless, but he does so without any further argument or elaboration. The Court agrees with the R & R's finding that there is no showing of actual prejudice. *See Fahy v. Horn*, 516 F.3d 169, 205 (3d Cir. 2008) ("[A] habeas petitioner is not entitled to relief based on cumulative errors unless he can establish actual prejudice.").

Fourth, Petitioner objects to the Magistrate's finding that Petitioner's claim that there was insufficient evidence has been reasonably resolved by the state courts. The Magistrate correctly cited the proper standard for reviewing an insufficient evidence claim: "First, on direct appeal a reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury. Second, on habeas review, a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge unless the state court decision was objectively unreasonable." *Lambert v. Warden Greene SCI*, 861 F.3d 459, 467 (3d Cir. 2017) (cleaned up) (citing *Coleman v. Johnson*, 566 U.S. 650, 651 (2012)); *see also Jackson v. Virginia*, 443 U.S. 307, 319 (1979) ("[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (emphasis included)). The Court agrees with the Magistrate that the state court's review was not objectively unreasonable.

Fifth and finally, Petitioner objects to the Magistrate's finding that Petitioner's remaining ineffective assistance of counsel claims are procedurally defaulted. This Court, again, agrees with

the Magistrate. Petitioner failed to litigate these claims in state court as required by 28 U.S.C.§ 2254(b)(1)(A). *See McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999) ("The exhaustion rule requires applicants to fairly present federal claims to state courts before bringing them in federal court."). "If a claim has not been fairly presented to the state courts but further state-court review is clearly foreclosed under state law, exhaustion is excused on the ground of futility. Under those circumstances, the claim is procedurally defaulted, not unexhausted, and the claim may be entertained in a federal habeas petition only if there is a basis for excusing the procedural default." *Wenger v. Frank*, 266 F.3d 218, 223-24 (3d Cir. 2001). "Procedural default may be excused if a petitioner can show 'cause' and 'prejudice' or that a 'fundamental miscarriage of justice' would result. *Id.* at 224 (citing *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000)). Petitioner brings three procedurally defaulted claims arguing ineffective assistance of counsel. "Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez v. Ryan*, 566 U.S. 1, 9 (2012). To qualify for this exception, Plaintiff must show "1) his procedurally defaulted ineffective assistance of trial counsel claim has some merit and 2) his state-post conviction counsel was ineffective under the standards of *Strickland v. Washington*." *Workman v. Superintendent Albion SCI*, 915 F.3d 928, 937 (3d Cir. 2019) (internal citations omitted). The Court agrees with the Magistrate that each of the three claims lack merit. *See id.* at 938 ("To demonstrate that his claim has some merit, a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.").

A. First, Petitioner argues that trial counsel was ineffective for failing to investigate the firearms. He offers nothing more than "vague and conclusory allegations" that the presentation of a firearms expert would have provided an alternative reason for the firearm's inability to fire. *See Zettlemoyer v. Fulcomer*, 923 F.2d 284, 298 (3d Cir. 1991) ("[Petitioner] cannot meet his burden to show that counsel made errors so serious that his representation fell below an objective standard of reasonableness based on vague and conclusory allegations that some unspecified and *speculative* testimony might have established his defense." (emphasis added)).

B. Next, Petitioner argues that his trial counsel was ineffective for failing to investigate his mental health history. The Magistrate thoroughly reviewed the record and found this claim to be without merit. Specifically, the Magistrate is correct that the trial court's colloquy must be given proper weight because "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). This claim is without merit.

C. Third, Petitioner argues that his trial counsel was ineffective for advising him not to testify at trial. Again, given the trial court's colloquy of the Petitioner as to this decision, this claim lacks merit. *See Blackledge*, 431 U.S. at 74 ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."); *see also Reed v. Smith*, Civ. A. No. 17-cv-4414, 2018 WL 4658717, at *9 (E.D. Pa. Aug. 8, 2018), *report and*

3

4. Mr. Batchler's Petition for Writ of Habeas Corpus is **DISMISSED** with prejudice by separate Judgment, filed contemporaneously with this Order;

5. No certificate of appealability shall issue[2];

6. The Clerk of Court shall mark this file **CLOSED**.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

*recommendation adopted*, Civ. A. No. 17-4414, 2018 WL 4635863 (E.D. Pa. Sept. 27, 2018) ("Petitioner's colloquy reveals that he made the decision not to testify after discussing the matter with counsel and being further informed about the right to testify by the trial court. In light of this colloquy, Petitioner's claim that counsel interfered with his right to testify lacks merit.").

[2] 28 U.S.C. § 2253(c)(2) provides that a certificate of appealability shall only be issued "if the applicant has made a substantial showing of the denial of a constitutional right." Petitioner has failed to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).